IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ARETHA TOWNSEND,

       Plaintiff,

    v.

STAPLES, INC.,

       Defendant.

CIVIL ACTION FILE NO.

1:15-CV-02835-WSD-CMS

## FINAL REPORT AND RECOMMENDATION
## AND ORDER

This matter is before the Court on the affidavit and request to proceed *in forma pauperis* ("IFP") and proposed complaint filed by plaintiff Aretha Townsend ("Plaintiff").  (Docs. 1, 1-1 ["Compl."]).

After consideration of Plaintiff's affidavit of indigency, I find that she meets the financial requirements for IFP status and **GRANT** her request to proceed IFP pursuant to 28 U.S.C. § 1915(a).  **However, it is further ORDERED that service of process shall <u>not</u> issue at the present time.**

Because Plaintiff's proposed complaint purports to assert a claim or claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA") and the Genetic Information Nondiscrimination Act of 2008,  42 U.S.C.

§§ 2000ff, *et seq.* ("GINA"), Plaintiff's complaint is also before the undersigned magistrate judge for a frivolity determination.  The Court must determine whether Plaintiff's proposed complaint is frivolous or fails to state a claim on which relief may be granted, and, if so, must dismiss it without prejudice.  See 28 U.S.C. § 1915(e)(2)[1]; Neitzke v. Williams, 490 U.S. 319, 324 (1989).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact," Neitzke, 490 U.S. at 327, or "if the 'plaintiff's realistic chances of ultimate success are slight.'"  Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

---

[1] 28 U.S.C. § 1915(e)(2)(B) provides that a federal court shall dismiss an IFP complaint if the court determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  For purposes of § 1915(e)(2)(B)(i), an action is frivolous if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002).

2

**Discussion**

The allegations and claims in Plaintiff's proposed complaint are difficult to discern.  To the extent they can be ascertained, the complaint generally alleges that Plaintiff commenced her employment as a warehouse associate with Staples, Inc. ("Defendant") in April 2008.  On or about March 26, 2013, Plaintiff filed a complaint with Defendant's Human Resources Department concerning someone stealing money from her vehicle at work and other unspecified unethical practices. (Doc. 1-1, Compl., ¶¶ 10-11).  Thereafter, Plaintiff alleges that her supervisor retaliated against her by issuing "wrongful write ups" and by failing to notify her of early shift days.  (Id. ¶ 11). The retaliation caused her stress and muscle spasms, which led to an on-the-job injury while lifting product.  (Id.).  Plaintiff was rushed to the hospital, where she received medical treatment for severe chest pains.  (Id. ¶ 12).  Plaintiff alleges that Defendant discriminated and retaliated against the Plaintiff, on the basis of an unspecified disability, in violation of the ADA, by referring her to an in-network doctor or doctors who provided inadequate and grossly negligent medical and health care services to Plaintiff in 2013 and 2014, and then Defendant terminated her employment before her medical condition(s) could be re-evaluated, causing severe monetary and emotional damages.  (Id. at 4-9).

3

Plaintiff specifically alleges that Defendant and the in-network hospital and physicians she went to and received treatment from conspired to commit "fraud, material misrepresentation, assault from a third party entity via induced medication and prescribed medication without probable cause." (Compl. at 6 ¶ 24). Plaintiff also alleges that Defendant used this third party in-network hospital and doctors to retaliate against her so that Defendant could avoid paying workers' compensation claims and other claims of [unspecified] wrongdoing which Plaintiff had asserted against her employer concerning prior grievances. (Id. ¶ 25). Plaintiff alleges that her treating physician then ignored her employer's request to provide a release back to work and deliberately attempted to "cripple" her health by attempting to make it appear as though she had a pre-existing heart condition which caused her initial injury, all in an effort to protect Defendant's and its insurer's interest to her detriment and "sabotage[ ] [her] body." (Id. ¶¶ 28-29).

Plaintiff's complaint alleges that sometime in April 2014, Plaintiff received a letter from Defendant's benefits representative informing her that neither the insurer nor Defendant had received any information from Plaintiff that would indicate a need for additional time away from work. (Compl. ¶ 30). Plaintiff subsequently requested extended leave for a medical re-evaluation. Plaintiff alleges that the letter and

4

documents, dated May 6, 2014, that Staples' Human Resources sent Plaintiff in response "are a direct violation of the Americans Disability Act.  My request for medical re-evaluation was a step by step process because the injury and aggravated injury was internal; and complete and thorough evaluations had to be conducted." (Id. ¶ 36).  Plaintiff contends that the documents provided by Staples HR for the re-evaluating doctor to complete were incomplete and inaccurate because they failed to include "pictures of a completed cart which would allow doctors to have a visual of actual work duties ... as opposed to guest  mated [sic] numbers . . . ." (Id. ¶ 37).

Plaintiff alleges that Defendant subsequently terminated her employment on May 20, 2014 (the same day her medical re-evaluations were to commence) on the basis of excessive tardies and "my most recent infraction; which was medical re-evaluation." (Compl. ¶¶ 33, 38).

Plaintiff's complaint asserts one count for relief: retaliation under the ADA. Count One alleges that Defendant Staples violated Section 503 of the ADA, 42 U.S.C. § 12203, by terminating Plaintiff without pay or benefits, in retaliation for Plaintiff having exercised rights and privileges protected by the ADA. (Compl. at 9).

The ADA provides that no covered employer shall discriminate against "a qualified individual on the basis of disability" in regard to any of the "terms,

conditions, and privileges of employment." 42 U.S.C. § 12112(a).   To assert a valid claim of discrimination under the ADA, Plaintiff must allege and show that: (1) she has a disability; (2) she was a "qualified individual" at the relevant time, meaning she could perform the essential functions of the job in question with or without reasonable accommodations; and (3) she was subjected to unlawful discrimination because of her disability.  Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1255-56 (11th Cir. 2007) (citation omitted); Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001).  The ADA defines "disability" as: (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.  See 42 U.S.C. § 12102(1)(A-C).   Plaintiff has not identified in her complaint what she contends is her disability or disabling condition.  Nor has she alleged or shown any of the three "disability" prongs (including, but not limited to, that the impairment she suffered in the past substantially limited her in at least one major life activity).  See 29 C.F.R. § 1630.2(k); see also Hilburn v. Murata Elec. N. Am., Inc., 181 F.3d 1220, 1228-29 (11th Cir. 1999).

Plaintiff has also failed to allege or show that she meets the ADA's definition of a "qualified individual."  Under the ADA, a "qualified individual" is one who "with

6

or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Plaintiff must allege and either show that she can perform the essential functions of her job without accommodation, or, failing that, that she can perform the essential functions of her job with a reasonable accommodation. In this case, Plaintiff does not allege that she ever returned to work after her work-related accident, or that she was capable of performing the essential functions of her job with or without accommodation. Thus, Plaintiff has failed to state a plausible claim for discrimination under the ADA.

To prevail on a claim of retaliation under the ADA, the plaintiff must allege and show that: (1) she engaged in conduct protected by the statute; (2) she suffered an adverse employment action at the time or after the protected conduct took place; and (3) there is a causal connection between the two. See Collado v. United Parcel Serv., Co., 419 F.3d 1143, 1158 (11th Cir. 2005).

Here, Plaintiff's complaint alleges that Plaintiff was terminated on May 20, 2014, but she did not file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") until on or about September 29, 2014. (Compl. ¶¶ 8, 33). Thus, it is clear that at the time she was discharged from her employment,

whoever was the decisionmaker at Staples could not have known that Plaintiff had filed an EEOC charge because Plaintiff did not file her charge until four months after she was terminated.  See Brungart v. BellSouth Telecomms., Inc., 231 F.3d 791, 799 (11th Cir. 2000) ("A decision maker cannot have been motivated to retaliate by something unknown to him.").  Plaintiff cannot establish a causal connection when the adverse employment activity preceded her protected activity.  King v. Kennesaw State Univ., No. 1:05-CV-3169-TWT, 2007 WL 2713252, at *17 (N.D. Ga. Sept. 13, 2007).

Complaints filed *pro se* are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure.  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

In sum, I have carefully reviewed Plaintiff's complaint.  To the extent the Plaintiff's allegations can be discerned, I find that her allegations, which I accept as true, do not state a cause of action under the ADA, and Plaintiff's realistic chances of ultimate success are slight.

8

Plaintiff's complaint also makes passing references to the Genetic Information Nondiscrimination Act of 2008 ("GINA").  GINA makes it "an unlawful employment practice for an employer to request, require, or purchase genetic information with respect to an employee." Lowe v. Atlas Logistics Group Retail Servs. (Atlanta), LLC, No. 1:13-cv-2425-AT, 2015 WL 2058906, at *4 (N.D. Ga. May 5, 2015) (quoting 42 U.S.C. § 2000ff-1(b)).  GINA defines genetic information as "with respect to any individual, information about (i) such individual's genetic tests, (ii) the genetic tests of family members of such individual, and (iii) the manifestation of a disease or disorder in family members of such individual." 42 U.S.C. § 2000ff(4).  Apart from passing references to the statute, Plaintiff's complaint fails to contain any factual allegations that would support a claim under GINA.

## Conclusion

For the reasons stated, I **RECOMMEND** that this action be **DISMISSED without prejudice** as frivolous and for failure to state a claim on which relief may be granted.  Plaintiff's request to proceed IFP is **GRANTED** solely for purposes of dismissal.

9

AO 72A
(Rev.8/82)

**IT IS SO RECOMMENDED AND ORDERED**, this 9th day of October, 2015.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

10